## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Bobbi Jo Given<br>5089 Hidden View Dr.<br>Hilliard, Ohio 43026<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Central Ohio Gaming Ventures LLC<br>200 Georgesville Rd.<br>Columbus, Ohio 43228<br><br>　　　　　　Defendant. | :<br>:<br>:<br>:  Civil Action No. 2:17-cv-925<br>:<br>:  JUDGE<br>:<br>:  MAGISTRATE JUDGE<br>:<br>:  **Jury Demand Endorsed Hereon**<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

NOW COMES Plaintiff Bobbi Jo Given ("Plaintiff") for her complaint against Defendant Central Ohio Gaming Ventures LLC ("Defendant COGV" or "Defendant"), hereby states as follows:

**I.　　JURISDICTION AND VENUE**

1.　　This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2.　　This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3.　　Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and

Defendant has done substantial business in the Southern District of Ohio and has its headquarters in the Southern District of Ohio.

## II. NATURE OF THIS ACTION

4. This lawsuit seeks to recover overtime compensation for Plaintiff who worked as a revenue audit supervisor for Defendant at all times relevant here pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

5. Defendant owns and operates the Hollywood Casino in Columbus, Ohio.

6. At all times relevant here, Defendant employed Plaintiff to this suit as a revenue audit supervisor to perform non-exempt duties for Defendant.

7. At all times relevant here, Defendant misclassified its revenue audit supervisors, including Plaintiff, as exempt from federal and state overtime provisions and not to pay revenue audit supervisors any overtime wages as required.

8. Instead, Defendant paid Plaintiff a salary of their regular hourly rate for forty (40) hours per week regardless of how many hours per week she worked.

9. At all times relevant here, Defendant did not pay Plaintiff one and one-half times her regular hourly rate for hours worked over (40) hours per week.

10. The primary duties of revenue audit supervisors do not fall under any of the exemptions under federal or state overtime laws.

11. Defendant regularly required Plaintiff to work in excess of forty (40) hours per week. However, Defendant fails to pay them 1.5 times their regular hourly rates for these hours worked over forty (40) in a workweek.

12. On or around November 8, 2016, Defendant notified Plaintiff that Defendant was changing her status from exempt to non-exempt effective beginning approximately November 28, 2016.

13. Defendant indicated it would therefore start paying Plaintiff 1.5 times her regular hourly rates for hours worked over forty (40) in a workweek after November 28, 2016 (the "Effective Date"). However, Defendant failed to pay Plaintiff for all hours worked over forty (40) per workweek before the Effective Date of the status change to non-exempt.

14. By the conduct described in this Complaint, Defendant has violated the FLSA by failing to pay Plaintiff overtime wages she earned and to which she is entitled by law by misclassifying her as exempt when she was non-exempt.

### III. PARTIES

#### a. *Plaintiff Given*

15. Plaintiff Bobbi Jo Given ("Plaintiff" or "Plaintiff Given") is a resident of the State of Ohio.

16. Plaintiff started working for Defendant as a table games supervisor in or around June of 2013.

17. In or around February of 2016, Plaintiff began working for Defendant as a revenue audit supervisor.

18. When she began working as a revenue audit supervisor, Plaintiff was misclassified by Defendant as exempt from overtime pay.

19. Plaintiff is a covered employee within the meaning of the FLSA.

20. Plaintiff's pay rate was $23.08 per hour. Plaintiff regularly worked over 40 hours per week.

### b. Defendant Central Ohio Gaming Ventures LLC

21. Defendant Central Ohio Gaming Ventures LLC ("Defendant COGV" or "Defendant") is a subsidiary of Penn National Gaming, Inc. ("PNG") and is a domestic limited liability company with its principal place of business in the Southern District of Ohio. Defendant and PNG operate the Hollywood Casino Columbus located at 200 Georgesville Rd., Columbus, Ohio 43228.

22. Defendant is and has at all relevant times been one of Plaintiff's "employers" as that term is defined by the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a, doing business in the Southern District of Ohio.

23. Defendant conducts substantial business in the Southern District of Ohio and has its headquarters in the Southern District of Ohio.

24. At all times relevant herein, Plaintiff was an employee of Defendant as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

25. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

26. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

27. During relevant times, Defendant suffered and permitted Plaintiff to work more than forty (40) hours per workweek, while not compensating her for all such hours worked over forty (40) at a rate of at least one and one-half times her regular rate of pay.

28. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

29. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

30. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## IV.   FACTUAL BACKGROUND

31. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiff overtime wages for hours that she worked in excess of 40 hours per workweek; and

   b. willfully misclassifying Plaintiff as exempt from the protections of the FLSA.

32. Throughout her employment with Defendant in the revenue audit supervisor position and prior to the Effective Date when her status was changed, Plaintiff consistently worked more than 40 hours per week.

33. Defendant was aware that Plaintiff worked more than 40 hours per workweek during this time, yet Defendant failed to pay her any overtime compensation for any of the hours worked over 40 in a workweek.

34. Plaintiff's primary duty was not management.

35. Plaintiff's primary duties were non-exempt duties, as described in this Complaint.

36. Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance and was required to follow the policies, practices, and procedures set by Defendant.

37. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

38. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "learned professional" employees, as that term is defined under the FLSA. See 29 CFR § 541.301.

39. Defendant ultimately acknowledged that it misclassified Plaintiff as exempt by later changing her revenue audit supervisor position to non-exempt, but failed to compensate her for all overtime due and owing while she was misclassified prior to the Effective Date.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FLSA –UNPAID OVERTIME

40. All of the preceding paragraphs are realleged as if fully rewritten herein.

41. Defendant has violated the FLSA as described in this Complaint.

42. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

44. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46. At all relevant times, the job duties of Plaintiff primarily consisted of non-exempt duties.

47. Defendant has failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA because she was misclassified as an exempt employee.

48. Plaintiff routinely worked in excess of forty (40) hours per week.

49. Plaintiff should have been paid the overtime premium for hours worked in excess of forty (40) hours per week but was not.

50. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

51. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52. As a Defendant's willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

53. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**R.C. 4111.03 – UNPAID OVERTIME**

54. All of the preceding paragraphs are realleged as if fully rewritten herein

55. This claim is brought under Ohio Law.

56. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

57. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. See O.R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1).

58. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections

59. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because Plaintiff was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

60. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, Plaintiff was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR §541.301.

61. Defendant is a covered employer required to comply with the Ohio Wage Act's mandates.

62. Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to compensate her at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

63. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

64. For Defendant's violations of the Ohio Wage Act, Plaintiff has suffered damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## THIRD CAUSE OF ACTION
### R.C. 4113.15 —OPPA VIOLATION

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. During relevant times, Defendant was covered by the OPPA and Plaintiff was employed by Defendant within the meaning of the OPPA.

67. The OPPA requires Defendant to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

68. During relevant times, Plaintiff was not paid all wages, including overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

69. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

70. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## FOURTH CAUSE OF ACTION
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

73. During all times material to this complaint, Defendant was a covered employer, and was required to comply with the Ohio Wage Act's mandates.

74. Plaintiff was a covered employee entitled to the protection of the Ohio Wage Act.

75. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

76. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**VI.    PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff requests judgment against the Defendant for an Order:

A. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff is entitled to prove her hours worked with reasonable estimates;

B. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

D. Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

E. Awarding Plaintiff such other and further relief as the Court deems just and proper;

F. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

G. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

H. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

> */s/ Matthew J.P. Coffman*
> Matthew J.P. Coffman